**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-3196
_____

BRAHEEM HARTLEY,
                              Appellant

v.

DELAWARE COUNTY, PENNSYLVANIA; DELAWARE COUNTY
TAX CLAIM BUREAU; JANINE HEINLEIN, Upset Tax Sale
Coordinator Delaware County Tax Claim Bureau

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:25-cv-03078)
District Judge:  Honorable Joshua D. Wolson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 1, 2026
Before:  KRAUSE, RESTREPO, and PORTER, *Circuit Judges*

(Opinion filed: April 3, 2026)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellant, Braheem Hartley, was a homeowner in Delaware County, Pennsylvania. In 2022, he fell behind on his property taxes. As a result, the Delaware County Tax Bureau sold the property at an upset tax sale. Hartley attempted to pay the back-taxes to redeem the property, but the Bureau denied redemption because his home had already been sold. Hartley filed a Petition to Set Aside Tax Sale in the Court of Common Pleas, claiming that (1) he had not been given proper notice of the sale under the Pennsylvania Real Estate Tax Sales Law (RETSL), 72 Pa. Cons. Stat. § 5860.101, *et seq*.; and (2) he had exercised his right under the RETSL to redeem his property within thirty days of the sale. Following a hearing, the Court of Common Pleas rejected Hartley's claims and denied the petition. Hartley did not appeal.

Hartley then commenced this action in the District Court against Delaware County, the Bureau, and Janine Heinlein, the Bureau's Upset Tax Sale Coordinator. In the operative amended complaint, he asserted violations of his constitutional rights to due process and against unlawful takings, a *Monell* claim, and state-law claims for intentional infliction of emotional distress, unjust enrichment, conversion, and violations of the Pennsylvania Constitution. By way of relief, he asked the District Court to reverse the state court's order denying his petition to set aside the tax sale; issue a declaratory judgment; award compensatory and punitive damages; order the Bureau to return all surplus proceeds from the sale and extinguish any remaining debt; and award him attorney's fees.

2

The County defendants moved to dismiss the amended complaint pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. The District Court granted the motion on the ground that Hartley's claims were barred by the *Rooker-Feldman* doctrine. Hartley sought reconsideration, but the District Court denied relief. Hartley appealed.[1]

We see no reason to vacate the District Court's decision. To the extent that Hartley complained of injuries caused by the state-court ruling and asked the District Court to review and reject that ruling, we agree with the District Court that his claims were barred by the *Rooker-Feldman* doctrine. *See Vuyanich v. Smithton Borough*, 5 F.4th 379, 385 (3d Cir. 2021); *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010). To the extent that he raised claims that were, or could have been, presented in the state-court proceedings, those claims are barred by the doctrine of res judicata. *See Duhaney v. Att'y Gen.*, 621 F.3d 340, 347 (3d Cir. 2010).

Even assuming that Hartley's constitutional claims are not barred, they are meritless. He asserts that he was denied due process when the Bureau rejected his attempt to redeem his property after it was sold but before the sale was confirmed by the Court of Common Pleas. Under Pennsylvania law, however, "there shall be no redemption of any property after the actual sale thereof." 72 Pa. Cons. Stat. Ann.

---

[1] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and we exercise plenary review over the District Court's decision. *See In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). We may affirm on any basis supported by the record. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

§ 5860.501(c); *see also id.* § 5860.102 (providing that an "actual sale" occurs when there has been "payment of the full amount of money agreed to be paid as the sale price").

Accordingly, Hartley was afforded the process he was due under the RETSL.

Hartley next claims that the "grossly disproportionate" difference between his tax debt ($2,728.08) and the value of his property ($220,000) renders the sale an unlawful taking under the Fifth Amendment. This argument is foreclosed by *Tyler v. Hennepin County*, in which the Supreme Court affirmed that a county has the authority to sell a homeowner's property to recover unpaid property taxes. 598 U.S. 631, 638–39 (2023). Although *Tyler* went on to hold that the county's retention of *the surplus* from the sale constituted an unlawful taking, *see* 598 U.S. at 639, the RETSL expressly provides that the excess funds recovered from an upset sale (beyond amounts due to taxing authorities and lienholders) must be returned to the homeowner. *See* 72 Pa. Cons. Stat. § 5860.205(d)(5).[2]

Finally, given that Hartley's federal claims are barred or meritless, the District Court did not abuse its discretion by declining to exercise supplemental jurisdiction over the state-law claims. *See Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 181 (3d Cir. 1999).

---

[2] Hartley also claims that the County is liable for creating, maintaining, and enforcing unconstitutional customs, policies, and practices that resulted in violations of his federal and state constitutional rights, as described above. *See Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658 (1978). A county cannot, however, be liable under *Monell* without an underlying constitutional violation. *See Codrington v. Dolak*, 142 F.4th 884, 896 (6th Cir. 2025).

We have considered Hartley's remaining arguments on appeal and conclude that none warrants relief. Accordingly, we will affirm the District Court's judgment. All pending motions, including Hartley's emergency motions for a stay pending appeal, are denied.